UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RIVIERA DISTRIBUTORS, INC.,

       Plaintiff,

v.                                                                                              Case No. 09-11380
                                                              Honorable Patrick J. Duggan
RDI of MICHIGAN, LLC,

       Defendant.
_____/

## OPINION AND ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on January 8, 2010.

PRESENT:   THE HONORABLE PATRICK J. DUGGAN
                         U.S. DISTRICT COURT JUDGE

This lawsuit arises from a distributorship agreement between Plaintiff Riviera Distributors, Inc. ("Riviera") and Defendant RDI of Michigan, LLC ("RDI"). Riviera filed its complaint against RDI on April 13, 2009. RDI filed a counter-complaint against Riviera on May 5, 2009. Presently before the Court is Riviera's motion for partial summary judgment pursuant to Federal Rule of Civil Procedure 56(a) with respect to its declaratory judgment and breach of contract claims. Riviera filed its motion on September 16, 2009. The motion has been fully briefed.

In its November 30, 2009 response to Riviera's motion, RDI raises three reasons why it believes the Court should deny Riviera's motion. The first reason is that discovery

is not complete. According to RDI, it needs additional discovery to address issues relevant to Riviera's motion.

Pursuant to Federal Rule of Civil Procedure 56(f), a court may order a continuance, issue any just order, or deny a motion for summary judgment "[i]f a party opposing the motion shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition." The Sixth Circuit has cautioned against deciding a summary judgment motion when discovery is not yet complete:

> It is well-established that [a party] must receive "a full opportunity to conduct discovery" to be able to successfully defeat a motion for summary judgment." *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257, 106 S. Ct. 2505, 91 L.Ed.2d 202 (1986); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L.Ed.2d 265 (1986) ("the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.") *Whites Landing Fisheries, Inc. v. Buchholzer*, 29 F.3d 229, 231-32 (6th Cir. 1994) ("[in light of *Anderson and Celotex*], a grant of summary judgment is improper if the non-movant is given an insufficient opportunity for discovery").

*Ball v. Union Carbide Corp.*, 385 F.3d 713, 719-20 (6th Cir. 2004). In this case, the Court believes that Riviera's motion for partial summary judgment should not be decided until RDI obtains the discovery it claims it needs and which it previously was granted an extension of time to seek.

Pursuant to an order this Court entered on October 28, 2009, the deadline for discovery was extended until January 31, 2010. Robert C. Horvath, the managing

member for RDI, indicates in an affidavit submitted in response to Riviera's motion that outstanding discovery not yet answered by Riviera and scheduled depositions are needed "relative to Riviera's contractual relationship with Merit [Industries, Inc.]" and whether Riviera induced RDI "to enter into the EDA [Exclusive Distributorship Agreement] based upon its representation that it owned the Superstar video poker game . . ." (Doc. 46, Ex. 2 ¶ 21.) In its reply brief, Riviera does not challenge RDI's claim that it needs additional discovery to respond to Riviera's motion.

As RDI has complied with the requirements of Rule 56(f) and Riviera does not contend that the outstanding discovery is irrelevant to the issues raised in its summary judgment motion, the Court is denying without prejudice Riviera's motion. Riviera may re-file its motion after discovery closes, if it chooses to do so. In fact, in light of the extended discovery deadline, the Court is setting a new dispositive motion deadline of February 16, 2010.[1] The final pretrial conference currently scheduled for April 20, 2010 remains.

**SO ORDERED**.

s/PATRICK J. DUGGAN  
UNITED STATES DISTRICT JUDGE

Copies to:  
Counsel of Record

---

[1] Any future pleadings not complying with the Federal Rules of Civil Procedure or the Local Rules for the Eastern District of Michigan, notably Rules 5 and 7 (such as pleadings that exceed the page limits) may be stricken.