UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**RIVIERA DISTRIBUTORS, INC.**
an Illinois corporation,                                Case No. 09-cv-11380-PJD-VMM

     Plaintiff/Counter Defendant,                District Judge Patrick J. Duggan
                                                                              Magistrate Judge Virginia M. Morgan

-vs-

**RDI OF MICHIGAN, LLC,**
a Michigan limited liability company,

     Defendant/Counter Plaintiff.

_____/

PETER M. FALKENSTEIN P61375          RICHARD B. POLING, JR. P25312
MARK G. COOPER P52657                    Attorney for Defendant/Counter Plaintiff
DAVID S. McDANIEL P56994                5455 Corporate Drive
Attorneys for Plaintiff/Counter Defendant   Suite 104
201 S. Main Street, Suite 300              Troy, MI 48098
Ann Arbor, MI 48104                        (248) 641-0500
(734) 222-4776                              rpolingjr@aol.com
pfalkenstein@jaffelaw.com
mcooper@jaffelaw.com
dmcdaniel@jaffelaw.com

_____/

# STIPULATED PROTECTIVE ORDER

This Protective Order has been approved and stipulated to by the attorneys for the

Plaintiff and Defendant in this litigation as well as the attorney for non-parties, AMI

Entertainment, Inc. and AMI Networks, Inc., 155 Rittenhouse Circle, Bristol, PA 19007

(collectively, "AMI") and all predecessors in interest; the attorneys and their clients believe that

certain information that may be disclosed in the Deposition of James Stelzer, or other such

discovery of employees or representatives of AMI, is or may constitute Confidential Information;

and the attorneys for the parties stipulate and believe that this Protective Order and the protection

of Confidential Information is consistent with and authorized by Fed. R. Civ P. 26(c).

IT IS HEREBY ORDERED that the following Confidential Information shall be protected from disclosure to anyone other than the President of the parties themselves, employees, consultants, or retained experts, of a party, on a need-to-know basis solely in connection with this litigation, who agree to be bound by the terms of this Order, and the parties' attorneys and to this Court:

1.  The names and addresses of any customer and customer lists of AMI as defined above.

2.  Anything to the contrary herein notwithstanding, neither AMI nor any of its current or former employees or personnel shall produce any computer code, in any form, which has been previously delivered by AMI/Merit to Riviera pursuant to a Bill of Sale entered into between those parties as of March 12, 2004, except in compliance with a subsequently entered court order governing confidentiality of documents and information on a case-wide basis, and resolution of any objection of any party or producing party to the production of such documents and information.

3.  Any documents, information or testimony to be provided by James Stelzer in his deposition, or by the discovery of any employee or representative of AMI, that AMI's attorney requests to be considered Confidential Information during the course of the deposition or subsequent discovery.

4.  Testimony given at a deposition or hearing and the resulting transcript may be designated as "*Confidential Information*" by an appropriate statement at the time of the giving of such testimony by outside counsel for any party, non-party, or AMI.  When such a statement is made, all parties, non-parties, and AMI shall maintain the deposition or hearing transcript and information contained therein as "*Confidential Information*" under this Stipulated Protective Order up until thirty (30) days after receipt of a copy of the transcript.  To maintain confidentiality more than thirty (30) days after a receiving party's receipt of a copy of the transcript, during that period, the producing entity must designate in writing those portions of the transcript regarded as "*Confidential Information.*"  Only those portions designated in writing will thereafter be handled and marked in accordance with the provisions of this Stipulated Protective Order.

5.  Discovery material produced without the designation of "*Confidential Information*" may be so designated subsequent to production or testimony provided that the producing entity, including AMI, notifies the recipient(s) of the designation within thirty (30) days of discovery of the failure to designate

2

DSMDB-2744214v04

the materials as "*Confidential Information.*"  If discovery material is designated subsequent to production or testimony, the receiving party shall collect any and all copies that have been provided to individuals other than those authorized pursuant to this Stipulated Protective Order within ten (10) calendar days of such notification.

6.      All discovery material that is produced to any party or non-party by AMI in this Action and designated as "*Confidential Information*" under provisions of this Stipulated Protective Order shall be used solely for the prosecution or defense of the claims in this Action, and not be directly or indirectly, used, disclosed, paraphrased, disclosed by colloquialism or by any other manner, in any other civil or criminal action or adjudication that is before any court or any other tribunal, adjudicative or legislative body, unless otherwise agreed to in writing by AMI, or where otherwise permitted or required by operation of law or by order of a court with competent jurisdiction.

7.      If Confidential Information designated by AMI or its counsel that is in the possession, custody, or control of any receiving party is sought by a subpoena, request for production of documents, interrogatories, or any other form of discovery request or compulsory process, including any form of discovery request or compulsory process of any court, administrative or legislative body, or any other person or tribunal purporting to have opportunity to seek such information by compulsory process or discovery request, including private parties, the receiving party to whom the process or discovery request is directed shall:  (i) on or before five (5) business days after receipt thereof, give written notice by hand or facsimile of such process or discovery request together with a copy thereof, to outside counsel for AMI, (ii) cooperate to the extent necessary to permit the producing entity to seek to quash such subpoena or to seek entry of a protective order against such process or discovery request; and (iii) not make production or disclosure of such Confidential Information until AMI consents in writing to production or the receiving party is ordered by a court of competent jurisdiction to produce or disclose such Confidential Information, so long as the order is not stayed prior to the date set for production or disclosure.

8.      Within sixty (60) days after the conclusion of this Action, including any appeals, all Confidential Information designated and produced hereunder, and all copies thereof, shall be returned to AMI, or, at the option of the recipient, outside counsel for the receiving party shall certify in writing that such material has been destroyed.

9.      The term "Confidential Information" does not include any information which (i) at the time of disclosure or thereafter is generally available to the public (other than as a result of a disclosure by a party to whom the information was disclosed ("Receiving Party") in violation of this Agreement), (ii) was or becomes available to a Receiving Party or any of its affiliates on a non-

3

confidential basis from a source other than AMI, provided that such source was not known by the Receiving Party to be bound by a confidentiality agreement that protected the Information or other contractual, legal or fiduciary obligation of confidentiality to AMI or any other Party with respect to such information or, (iii) has been independently acquired or developed by a Receiving Party or any of its affiliates without violating any of its obligations under this Agreement

IT IS FURTHER ORDERED that the customers' names and addresses, customer lists, source codes and other information designated by AMI's attorneys as Confidential Information in accordance with the previous paragraphs shall not be disclosed by any of the Presidents of the parties, employees, consultants, or retained experts, of a party, or any other designated recipients of the Confidential Information, who have agreed to be bound by the terms of this Order, nor by their attorneys to anyone other than the Court, except after:

1.      The consent of AMI's attorneys, in writing, has been obtained; or

2.      A motion for disclosure has been filed with the Court with at least ten (10) days' notice after service to AMI's attorneys, and other attorneys of record, and after an Order has been entered by this Court.

4

This Stipulated Protective Order shall remain in full force and effect after the termination of this litigation, or until canceled or otherwise modified by Order of this Court.


S/Patrick J. Duggan

Patrick J. Duggan

United States District Judge

Dated:  January 26, 2010

I hereby certify that a copy of the foregoing document was served upon counsel of record on January 26, 2010, by electronic and/or ordinary mail.


S/Marilyn Orem

Case Manager

**STIPULATED AND APPROVED AS TO FORM, CONTENT AND FOR ENTRY:**


_____/s/_____                    _____/s/_____
PETER M. FALKENSTEIN P61375                    RICHARD B. POLING, JR. P25312
Attorney for Plaintiff/Counter Defendant         Attorney for Defendant/Counter Plaintiff


_____/s/_____
LEE T. SILVER P36905
Silver & Van Essen, PC
300 Ottawa Avenue N.W., Suite 620
Grand Rapids, MI 49503

Attorney for AMI Entertainment, Inc.
and AMI Networks, Inc.

Date:  January 25, 2010

5