UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RIVIERA DISTRIBUTORS, INC.,        No. 09-11380

    Plaintiff,        District Judge Patrick J. Duggan

v.        Magistrate Judge R. Steven Whalen

RDI OF MICHIGAN, LLC,

    Defendant.
_____/

**ORDER DENYING RECONSIDERATION**

Before the Court is Defendant/Counter-Plaintiff RDI of Michigan, LLC's ("RDI") Motion for Reconsideration of its motion for third adjournment of discovery and to compel depositions [Docket #92].

On March 19, 2010, Magistrate Judge Virginia M. Morgan held a hearing on Defendant's underlying motion, and denied the same in a written order [Docket #82]. Judge Morgan then recused herself, and the case was reassigned to me. RDI filed a motion for reconsideration of Judge Morgan's order [Docket #92]. I granted Plaintiff's motion to file a response, and also permitted RDI to file a reply, limited to five pages [Docket #95].[1]

Motions for reconsideration are subject to E.D. Mich. L.R. 7.1(g)(3), which provides:

> "(3) *Grounds*. Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely

---

[1] Defendant RDI's reply [Docket #106] is in fact 10 pages long. While I do not like to encourage disregard of my orders, I will in this case refrain from striking the reply brief, in the interest of giving all parties a generous opportunity to present their arguments.

-1-

present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case."

Having reviewed RDI's original motion [Docket #66], Plaintiff's response [Docket #71], RDI's reply [Docket #78], the briefs of the parties on reconsideration, and the exhibits, including the transcript of the motion hearing before Judge Morgan on March 19, 2010, I will DENY the motion for reconsideration, as Defendant has not met the demanding requirements of Rule 7.1(g)(3).

In her statements on the record, Judge Morgan was clear that the depositions requested by RDI could have and should have been noticed much earlier:

> " THE COURT: All right. You know, I appreciate your position. It does seem to me based on this affidavit and on the motion back in September that you wanted and knew that you should–or it would be helpful to depose these people.
>
> Since you knew since 2007, since you knew since July when you requested the deposition, since you knew since September where we had gone to the trouble of setting dates or you had gone to the trouble of setting dates, that it was necessary, since you knew after you entered the case for seven weeks that these depositions had been agreed, there had been dates for them, nothing happened. I think it's too late." Tr. 3-19-10, p. 17.

Moreover, the record does not support RDI's present claim that Plaintiff misrepresented facts to Judge Morgan at the hearing regarding Riviera's ownership of Superstar. Rather, Riviera's counsel posited that ownership was "called into question," and was thus an *issue* of fact, not a fact beyond dispute. More importantly, RDI's counsel was present at the hearing and had the opportunity to rebut any arguments or misstatements of fact made by Plaintiff.

In asking for reconsideration, RDI has merely repackaged arguments and issues already presented to Judge Morgan. Nor has RDI shown "a palpable defect by which the court and the parties have been misled" or that correcting any defect would result in a different disposition of its motion.

Accordingly, RDI's motion for reconsideration [Docket #92] is DENIED.

SO ORDERED.


        s/R. Steven Whalen
        R. STEVEN WHALEN
        UNITED STATES MAGISTRATE JUDGE

Date: November 10, 2010

_____

### CERTIFICATE OF SERVICE

I hereby certify on November 10, 2010 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on November 10, 2010: **None.**

        s/Michael E. Lang
        Deputy Clerk to
        Magistrate Judge R. Steven Whalen
        (313) 234-5217